IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Edward Medrano, individually and on behalf of all others similarly situated, § § § § Plaintiff, § § § Civil Action No. _____ v. § § COLLECTIVE ACTION Akima, LLC, § § JURY TRIAL DEMANDED Defendant. § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Edward Medrano ("Medrano" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Original Collective Action Complaint against Defendant Akima, LLC ("Akima" or "Defendant"), showing in support as follows:

### I.   INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2. Defendant is a government contractor providing, amongst other services, security personnel services. According to its website, Defendant provides "trained, duty function-certified, and qualified armed security guards" to various branches of the United States military.[1]

3. Plaintiff is an hourly-paid non-exempt security guard employee of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity as well as gate guarding services. Plaintiff and

---

[1] https://www.akima.com/our-capabilities/protective-services/ (last accessed Jan. 6, 2022).

similarly situated security guards frequently worked over forty hours in a workweek and were eligible to receive overtime wages.

4. Defendant's policies and/or practices with regard to Plaintiff and similarly situated security guards violated the FLSA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" after their scheduled shift. Plaintiff and similarly situated security guards were required to perform "off-the-clock" duties that were an "integral part of [their] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, post-shift turnover duties, and other tasks which were not compensated as Plaintiff and similarly situated security guards were at all times compensated only for their set shift. The time that Plaintiff and similarly situated security guards spent completing these postliminary duties without pay was more than *de minimus*.

5. In weeks when Plaintiff and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207.

6. Plaintiff seeks all damages available under the law, including unpaid wages, liquidated damages, recoverable costs, post-judgment interest, and any other remedies to which he may be entitled.

## II.     THE PARTIES

### A.     Plaintiff Edward Medrano

7. Plaintiff Edward Medrano is an individual residing in El Paso County, Texas. He has standing to file this lawsuit.

8. Medrano was a security guard employee of Defendant in El Paso, Texas at Fort Bliss beginning on or about March 14, 2021.

9. Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

B. **Putative Collective Action Members**

10. Plaintiff brings this lawsuit on behalf of himself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing this Complaint through the date of final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory post-shift work to be completed off-the-clock without any compensation.

11. Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

12. Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

C. **Defendant Akima, LLC.**

13. Defendant Akima, LLC is a limited liability company organized under the laws of the state of Arkansas. Defendant, amongst other things, provides security guard staffing services to the armed services as a federal contractor.

14. Defendant may be served with process through its registered agent, CT Corporation System, located at 4701 Cox Road, Suite 285; Glen Allen, VA 23060.

15. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17. On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.     JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

19. The United States District Court for the Eastern District of Virginia has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District and Division.

20. Venue is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division, because Defendant resides in this District and Division, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District. *See* 28 U.S.C. § 1391(b).

### IV.     FACTUAL BACKGROUND

21. Defendant operates a business that provides, amongst other services, security personnel staffing solutions for the armed forces.

22. Plaintiff worked for Defendant as a non-exempt, hourly paid security guard employee, providing security guard services including patrolling, monitoring, reporting, and gate guarding services including controlling gate access, checking badges, redirecting traffic, and directing individuals around secured government sites at Fort Bliss in El Paso, Texas.

23. Defendant employs hundreds of security guard employees at locations around the country.

24. All of the putative Collective Action Members were similarly employed as non-exempt, hourly paid employees, and performed substantially similar job duties as Plaintiff.

25. Plaintiff typically worked at the rate of approximately $33.00 per hour, and received some but not all overtime wages owed to him at the rate of one and one half his regular rate of pay for hours worked over forty in each seven-day workweek.

26. Specifically, Defendant did not compensate Plaintiff for time spent working beyond his set shift, but often required him to continue to provide services that were integral to his principal job duties beyond his set shift, including continuing to secure sites while waiting for relief workers and completing mandatory post-shift turnover duties. This policy and/or practice of failing to record and pay for time spent performing integral job duties after the set shift without compensation applies uniformly to Defendant's security guard employees.

27. Plaintiff frequently worked over forty hours in each seven-day workweek while employed by Defendant. This was common for security guard employees working for Defendant.

28. Plaintiff frequently did not receive all of the overtime compensation he was entitled to when he worked over forty hours in a given workweek because Defendant refused to pay him for mandatory and integral work. This failure to pay all due and owing overtime wages applied uniformly to Defendant's security guard employees.

29. Defendant either knew or should have known that Plaintiff and its other security guard employees were required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have

permitted Plaintiff and its other security guard employees to "clock out" when they were fully relieved of duty.

30. Defendant's willfully did not and does not pay Plaintiff and its other security guard employees all due and owing overtime wages due to work performed "off-the-clock."

31. Plaintiff seeks redress for the time period during which Defendant this policy of compensating security guards only for their set shift and not for any time spent completing integral and mandatory postliminary duties, up to and including three years prior to the filing of this lawsuit.

## V.     FLSA CLAIMS FOR OVERTIME PAY

**A.     FLSA Coverage**

32. At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

33. At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

34. At all times relevant to this lawsuit, Defendant has employed and continues to employ, hundreds of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

35. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

B.     **FLSA Allegations**

36.     The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as non-exempt hourly-paid security guard employees of Defendant at locations across the country.

37.     At all times relevant to this lawsuit, Plaintiff and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

38.     On information and belief, hundreds of hourly-paid security guard employees worked for Defendant in connection with its security and facilities services enterprise during the three years preceding the filing of this action.

39.     At all times relevant to this lawsuit, Plaintiff and the putative Collective Action Members performed uncompensated work as required by Defendant after their set shifts ended.

40.     Defendant's requirement that Plaintiff and the putative Collective Action Members perform work "off-the-clock" without compensation in seven-day workweeks when they worked more than forty hours violated the FLSA's overtime provisions. 29 U.S.C. § 207.

41.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, regulations to the FLSA require employers to make and keep payroll records accurately reflecting hours worked each work day and total hours worked in each workweek. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain such data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

C.  **Collective Action Allegations**

42.  Plaintiff seeks to bring this claim under the FLSA individually and on behalf of all other non-exempt hourly-paid security guard employees who were required to complete mandatory post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter until final judgment is entered. Those who file a consent will be a party to this action under 29 U.S.C. § 216(b).

43.  Plaintiff has actual knowledge that the putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other nonexempt hourly-paid security guard employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of coworkers. Furthermore, other non-exempt hourly-paid security guard employees have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

44.  The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees, and receiving no compensation for work performed outside of scheduled shifts.

45.  The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

46.  Defendant's failure to pay overtime compensation in connection with mandatory postliminary work results from generally applicable policies or practices and does not depend on the personal circumstances of any of the putative Collective Action Members.

47.  The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

48. Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

49. Plaintiff proposes that the class of putative Collective Action Members be preliminarily defined as:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing this Complaint through the date of final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory post-shift work to be completed off-the-clock without any compensation.

50. Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

## VI. CAUSE OF ACTION – VIOLATION OF THE FLSA

51. The foregoing conduct, as alleged, violated the FLSA.

52. Plaintiff and the putative Collective Action Members were employees of the Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

53. Defendant is and was required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premium compensation in the amount of one and one-half times their respective regular rates of pay for all hours worked over forty in a given seven-day workweek. 29 U.S.C. § 207.

54. Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek due to its policy or practice of requiring mandatory postliminary work to be completed off-the-clock without any compensation.

55. Accordingly, Plaintiff and the Putative Collective Action Members are entitled to the full statutory overtime wages set forth in 29 U.S.C. § 207.

56. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three-year statutory limitations period.

57. Plaintiff seeks all damages to which he is entitled under the FLSA, including back overtime wages, liquidated damages, attorney's fees and costs, and specifically plead recovery for the three year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

58. Plaintiff demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

59. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages for all hours worked over forty in a workweek at the rate of time and one half Plaintiff and the putative Collective Action Members' respective regular rates of pay;

   c. Liquidated damages in the equal amount of adjudged unpaid overtime wages;

   d. Costs of action;

   e. Attorney's fees pursuant to 29 U.S.C. § 216;

   f. Post-judgment interest; and

   g. Such other relief as the Court may deem just and proper.

Dated: January 14, 2022                Respectfully submitted,

                                         By:    */s/Alexander Francuzenko*
                                                  Alexander Francuzenko, VSB 36510
                                                  Cook Craig & Francuzenko, PLLC
                                                  3050 Chain Bridge Road, Suite 200
                                                  Fairfax, VA 22030
                                                  (703) 865-7480 Phone
                                                  (703) 434-3510 Fax
                                                  alex@cookcraig.com

                                                  */s/Ricardo J. Prieto*
                                                  Ricardo J. Prieto (to be admitted PHV)
                                                  Texas State Bar No. 24062947
                                                  rprieto@eeoc.net
                                                  Melinda Arbuckle (to be admitted PHV)
                                                  Texas State Bar No. 24080773
                                                  marbuckle@eeoc.net
                                                  Shellist Lazarz Slobin, LLP
                                                  11 Greenway Plaza, Suite 1515
                                                  Houston, Texas 77046
                                                  Telephone: (713) 621-2277
                                                  Facsimile: (713) 621-0993

                                     ATTORNEYS FOR PLAINTIFF AND PUTATIVE
                                     COLLECTIVE ACTION MEMBERS